IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| LINDA M. MANSFELD,<br>GEORGE J. MANSFELD,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SCIENCE FOUNDATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 07-451-S-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

## REPORT

The Court has before it Defendant National Science Foundation's ("NSF") Motion to

Dismiss (Docket No. 5).  The NSF has moved to dismiss the Mansfeld's complaint against it for

failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).  Having carefully reviewed the

record, the Court enters the following Report and Recommendation.[1]

---

[1]  The Court finds the motion suitable for disposition without oral argument pursuant to Dist. Idaho Loc. Civ. R. 7.1(d)(2).

**REPORT AND RECOMMENDATION - 1**

# I.
## Background and Facts.

On September 26, 2007, the Mansfelds filed a Complaint in the small claims division in Idaho's Fourth Judicial District Court seeking damages of $5,000 against NSF for "discrimination in fellowship application."  Ex. A, Docket No. 1.  NSF promptly removed the matter to this Court on October 22, 2007, pursuant to 28 U.S.C. §§ 1441 and 1442.  Docket No. 1.  NSF filed its motion to dismiss on November 20, 2007, arguing that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and for failure to comply with Fed. R. Civ. P. 8(a).  NSF contends that the Complaint does not give NSF "fair notice" of what Plaintiffs' claim is and the grounds upon which it rests.  Mem. at 2, Docket No. 5-2.

In their objection filed on December 7, 2007, the Mansfelds state that they believe George Mansfeld was denied a fellowship because he suffers from a disability and also because of his national origin.[2]  Docket No. 8.  Although they did not elaborate upon the type of fellowship Mr. Mansfeld applied for, the Mansfelds assert that NSF violated the law by offering a fellowship "for women only" that Mr. Mansfeld, as a "disabled man," applied for and for which he was rejected.  Response at 7, Docket No. 8.  As a result, the Mansfelds claim NSF violated the Rehabilitation Act, Americans with Disabilities Act, the Civil Rights Act, and "all related laws."  *Id.* at 5.

As a description of their claim, the Mansfelds state that "[t]he NSF investigated the case and clearly know what is the plaintiff claim, what is the entire situation and the ground upon which our claim rests."  *Id.* (errors in original).  They did not, however, state what disability Mr.

---

[2]  The Court issued its standard notice to pro se litigants informing the Mansfelds of the requirements for responding to NSF's motion.  Docket No. 7.

**REPORT AND RECOMMENDATION - 2**

Mansfeld suffers from or his country of origin.  In response to NSF's statement that no evidence supports their claim, they identified a "binder" containing evidence of their appeals to the NSF, stated that they were not allowed to speak to anyone employed by NSF, and that when they called for help they were hung up on.  *Id.* at 8.[3]

In its reply, NSF argues that Plaintiffs cannot cure deficiencies in their complaint by addressing them in a response brief opposing a motion to dismiss.  Reply Mem., Docket No. 9.

## II.
## Discussion

### A.    Removal and Jurisdiction.

Although the Mansfelds did not file a separate motion objecting to removal of their case from state to federal court, their response brief does contain statements alluding that they were ready to proceed in state court but not federal court.  Therefore, the Court will address whether removal was proper and whether this Court has jurisdiction.

28 U.S.C. § 1441 permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). Remand is appropriate if there was a defect in the removal process or if the district court lacked subject matter jurisdiction.  28 U.S.C. § 1447(c); *Burnett v. Godshall*, 828 F.Supp. 1439, 1444 (N.D. Cal. 1993), *aff'd*, *Burnett v. Lockheed Missiles & Space Co., Inc.*, 72 F.3d 766 (9th Cir. 1995).  The Court has no reason to conclude that the notice of removal was defective.  No hearing was required to allow removal.  *See* Dist. Idaho Loc. Civ. R. 81.1.  And, the Mansfeld's claims involve assertions that NSF violated federal laws relating to their civil rights, giving the

---

[3]  The "binder" of evidence is not in the record of this action.

**REPORT AND RECOMMENDATION - 3**

Court jurisdiction to hear the present motion.  28 U.S.C. § 1331 (granting federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

**B.    Legal Standards Governing Motions to Dismiss.**

A motion to dismiss under Rule 12(b)(6) will be granted when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a complaint under this Rule, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  However, a complaint, or portions thereof, will be dismissed if the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1969 (2007).

A complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations . . . but requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp.*, 127 S.Ct. at 1964–65 (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 1965.  The complaint must plead "enough facts to state a claim of relief that is plausible on its face."  *Id.* at 1974.

Pro se complaints, however, are held to less stringent standards than formal pleadings drafted by lawyers.  *Klingele v. Eikenberry*, 849 F.2d 409, 413 (9th Cir. 1988).  Such complaints may only be dismissed for failure to state a claim if it "appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Klingele*,

**REPORT AND RECOMMENDATION - 4**

849 F.2d at 413 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The court has an obligation when the petitioner is pro se, "particularly in civil rights cases, to construe pleadings liberally and to afford the petitioner the benefit of any doubt." *Id.*

## C.    The Merits of Defendant's Motion.

Fed. R. Civ. P. 8(a) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought."  To comply with Rule 8, a plaintiff must set forth the elements of his or her claim, identify the transaction or occurrence giving rise to the claim, and the elements of his or her case.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir.  2000).  Although the Court has an obligation when reviewing a complaint filed by a pro se litigant to construe it liberally, the Court need not ignore the mandate of Fed. R. Civ. P. 8(a).  A party's complaint must contain, at the very least, a statement of facts that support all of the elements of a cause of action.  *See Bell Atlantic Corp.*, 127 S.Ct. at 1965 ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.").  While detailed facts are not required, Rule 12(b)(6) demands more than just an assertion of entitlement to relief, and factual allegations must be enough to raise a right to relief above mere speculation.  *Id.* at 1964.

Even considering the statements made in their brief filed in opposition to NSF's motion as part of their complaint and giving Plaintiffs the benefit of liberal construction, the Mansfeld's claims fail under Rule 8.[4]  There must be enough factual matter to support the Mansfeld's claims

---

[4] Although NSF cited *Zeising v. Kelly*, 152 F.Supp.2d 335, 344 (S.D.N.Y. 2001), for the proposition that a plaintiff "cannot 'cure' his pleading deficiencies in the complaint by addressing them in his motion papers," the Court believes some leeway must be given in this situation where the initial pleading was filed in the small claims division of a state district court.  Pleadings in small claims actions are prepared on a form furnished by the court, and proceedings are informal.  *See* Idaho R. Civ. P. 81.

of discrimination on the grounds of race, disability, sex, or national origin.  At this time, the complaint as supplemented by the Mansfeld's brief is merely conclusory.  Mr. Mansfeld apparently believes he was discriminated against by not receiving a federal grant because he is a disabled male from another country and the grant was earmarked for women.  However, the Mansfelds do not state when the grant was applied for, what the grant was for, why the women only restriction might violate federal law if men were not allowed to apply, what nationality Mr. Mansfeld is, what disability Mr. Mansfeld suffers from, and what federal statute provides a basis for relief.  Nor do the Plaintiffs identify why Mrs. Mansfeld is entitled to relief, as it does not appear she applied for a grant from NSF.  Nonetheless, the Mansfelds may be able to cure the deficiencies in their complaint by providing more facts that give the above information, and also providing a statutory basis as to why both Mr. and Mrs. Mansfeld are each entitled to relief.

The Court will therefore recommend that leave be given to Plaintiffs to amend their complaint.  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.3d 621, 623 (9th Cir. 1988) ("A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Noll v. Carlson*, 809 F.3d 1446, 1448 (9th Cir. 1987)).  Perhaps with the Court's guidance concerning the deficiencies in their pleading, the Mansfelds may be able to set forth a claim for relief.  At this time, however, the Court is unable to state with certainty whether or not the Mansfelds could cure the deficiencies in their pleading.  Therefore, the Court will not recommend dismissal of the action without granting the Mansfelds an opportunity to amend their Complaint.

**REPORT AND RECOMMENDATION - 6**

## <u>RECOMMENDATION</u>

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY RECOMMENDED that:**

1)      The District Court allow Plaintiffs ten (10) days to file an amended complaint;

2)      If Plaintiffs timely file an amended complaint and it meets the criteria discussed herein, then the District Court deny Defendant's Motion to Dismiss;

3)      If Plaintiffs fail to timely file an amended complaint or the amended complaint fails to meet the criteria discussed herein, then the District Court grant Defendant's Motion to Dismiss.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho Loc. Civ. R. 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: April 28, 2008

_____
Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 7**